IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-CT-03249-D

**Moses Leon Faison,**

        Plaintiff,

v.

**State of North Carolina and Pat McCrory**,

        Defendants.

**Memorandum & Recommendation**

    Plaintiff Moses Lee Faison ("Faison"), a state inmate proceeding pro se, commenced this civil action pursuant to 42 U.S.C. § 1983. This matter is currently before the court for the screening required by the Prison Litigation Reform Act ("PLRA"). For the following reasons, the undersigned magistrate judge recommends that the district court dismiss Faison's claims without prejudice.

    The PLRA requires courts to review, prior to docketing, actions filed by prisoners against governmental entities or officials. 28 U.S.C. § 1915A(a). The purpose of this review is to eliminate those claims that unnecessarily impede judicial efficiency and the administration of justice. The court must examine the pleadings, identify cognizable claims, and dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

    The court may dismiss a complaint as frivolous due to either legal or factual shortcomings. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A cause of action is legally

1

frivolous if it is "based upon an indisputably meritless legal theory and include[s] claims of infringement of a legal interest which clearly does not exist." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). A complaint is factually frivolous when its factual allegations are "fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

Here, Faison was convicted of first degree murder on May 16, 1994 and sentenced to life in prison. *See N.C. Dep't of Corr., Offender Public Information*, http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0125598&searchOffenderId=0125598&listurl=pagelistoffendersearchresults&listpage=1 (last visited June 23, 2016). In his Complaint, he contends that "defendant(s) in conspiracy denied petitioner's request for executive clemency when he showed a clear right to relief requested, because he was not present when victim was killed." Compl. at 3, D.E. 1. As relief, Faison seeks on order from this court commuting his sentence "from life to time served and order his immediate relief." *Id.* at 4.

To the extent plaintiff seeks to pursue post-conviction relief, such relief must be sought through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, the court cannot convert this § 1983 action into § 2254 petition because Faison has already filed an application for habeas relief. *See Faison v. Nash Corr. Superintendent*, No. 5:15-HC-2066-D (E.D.N.C. Nov. 2, 2015) (dismissing Faison's § 2254 petition as successive).

The Antiterrorism and Effective Death Penalty Act bars a claim presented in a second or successive habeas corpus application under § 2254 that was not presented in a prior application unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Before a second or successive application for habeas relief may be filed in the district court, an applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004) ("The initial determination of whether a claim satisfies [the requirements set forth in § 2244(b)(2)] must be made by a court of appeals.") (citation omitted). Faison has not received authorization to file this second or successive action from the Fourth Circuit. Because, this court would not have jurisdiction to review the matters set forth in the current complaint, the court declines to convert this § 1983 action into § 2254 petition.

**Conclusion**

As discussed above, the undersigned magistrate judge recommends that the district court dismiss Faison's claims without prejudice.

The Clerk of Court shall serve a copy of this Memorandum and Recommendation on Plaintiff. Plaintiff shall have until 14 days after service of the Memorandum and Recommendation on him to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo*

determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If plaintiff does not file written objections to the Memorandum and Recommendation by the foregoing deadline, he will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, plaintiff's failure to file written objections by the foregoing deadline will bar him from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: September 13, 2016

*Robert T. Numbers II*
_____
Robert T. Numbers, II
United States Magistrate Judge